# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **RADONNA MATCHETT,** <br><br> Plaintiff, <br><br> vs. <br><br> **BSI FINANCIAL SERVICES,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:21-CV-211-DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Plaintiff's Motion to Alter or Amend the Judgment As To Allow Dismissal Without Prejudice On the Individual Claims [ECF No. 30] and Plaintiff's Motion to Certify Questions of Law To the Utah Supreme Court [ECF No. 31]. The parties have briefed the motions, and the court concludes that oral argument would not significantly aid in its determination of the motions. The court, therefore, enters the following Memorandum Decision and Order based on the parties' submissions and the law and facts relevant to Plaintiff's motions.

ANALYSIS

Motion to Alter and Amend Judgment

Plaintiff moves the court to alter or amend its August 6, 2021 Memorandum Decision and Order so that its dismissal of the individual claims is without prejudice, which she claims would enable her to reassert them in state court. "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (citations omitted). A

motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.  Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paracletes*, 204 F.3d at 1012.  A Rule 59(e) motion must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.

Plaintiff has not attempted to meet any of these standards.  Plaintiff asks to amend her Complaint to allege facts that were or should have been available to her prior to the court's last order.  In addition, she seeks dismissal without prejudice so she can assert her claims in state court only because she disagrees with this court's ruling on the merits of those claims.  Rule 59 does not provide a basis for relitigating the same issues before a different forum.  Plaintiff has not advanced any new evidence or arguments that were not available to her prior to the court's last order that would change the outcome or demonstrate a manifest injustice.  The court, therefore, concludes that Plaintiff's Rule 59 motion lacks merit.  Accordingly, Plaintiff's Motion to Alter and Amend Judgment is DENIED.

Motion to Certify

Plaintiff also asks the court to certify the issues the court ruled on in its August 6, 2021 Memorandum Decision and Order to the Utah Supreme Court.  The Tenth Circuit has recognized that "[l]ate requests for certification are rarely granted by this court and are generally disapproved, particularly when the district court has already ruled." *Boyd Rosene & Assocs. v.*

*Kansas Mun. Gas Agency*, 178 F.3d 1363, 1364 (10th Cir. 1999); *see also Massengale v. Okla. Bd. Of Examiners in Optometry*, 30 F.3d 1325, 1331 (10th Cir. 1994) ("We generally will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court.").

If Plaintiff believed that certification was appropriate in this case, Plaintiff should have requested certification in response to Defendant's motion to dismiss and prior to this court's ruling on the motion. After losing the issue on the motion to dismiss, Plaintiff's request to certify the issue to the Utah Supreme Court appears to be an inappropriate second bite at the apple. Plaintiff cannot fully argue a motion before this court and then claim that the court's adverse decision should be set aside and the issue decided, instead, by a state court. If Plaintiff believes the court has erred in its decision, the proper course at this point in the litigation is to appeal the court's decision to the Tenth Circuit. Plaintiff's motion to certify is untimely. Moreover, the court does not believe that the motion raises issues of unsettled or unclear state law. Accordingly, the court denies Plaintiff's motion to certify.

CONCLUSION

Based on the above reasoning, Plaintiff's Motion to Alter or Amend the Judgment as to Allow Dismissal Without Prejudice on the Individual Claims [ECF No. 30] is DENIED, and Plaintiff's Motion to Certify Questions of Law to the Utah Supreme Court [ECF No. 31] is DENIED.

DATED this 20th day of October, 2021.

BY THE COURT:

DALE A. KIMBALL,
United States District Judge